**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

WILLIAM MCFADDEN                                                              PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:04cv461WSu

BELLSOUTH                                                                      DEFENDANT

## ORDER GRANTING SUMMARY JUDGMENT

Before this court is defendant BELLSOUTH's [hereinafter BellSouth] motion for summary judgment [docket # 15]. Filed pursuant to Rules 56(b) and (c),[1] defendant's motion argues that plaintiff WILLIAM MCFADDEN's [hereinafter McFadden] claims for short-term disability benefits and Supplemental Income Protection Plan [hereinafter "SIPP"] are time-barred under the six month statute of limitations imposed by Title 29 U.S.C. 160(b),[2] and further that all his claims are without merit. Defendant thus seeks a judgment against all of plaintiff's claims, a request opposed by plaintiff.

---

[1]Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

[2]Title 29 U.S.C. § 160 of the National Labor Relations addresses the prevention of unfair labor practices and imposes a limitation that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge," with an exception for those individuals prevented from filing a complaint by reason of military service, which does not apply to this case.

## **FACTS AND PROCEDURAL BACKGROUND**

The undisputed facts pertaining to McFadden's suit against his former employer BellSouth are as follows:  BellSouth employed McFadden from February 1973, until his retirement commenced on June 02, 2003.  As a non-management "craft" employee, McFadden belonged to a union, the Communication Workers of America [hereinafter "CWA"].  The CWA periodically negotiated with BellSouth management a collective bargaining agreement [hereinafter "CBA"], which governed all relevant aspects of McFadden's employment, including wages, schedule, benefits, and the procedures for addressing grievances.  Each time CWA negotiated with BellSouth, the CWA members ratified the new CBA and a copy was provided to each member, including McFadden.

McFadden became ill and was absent from work on paid short-term disability status from December 19 through December 23, 2002, and again from December 30, 2002, until March 17, 2003.  BellSouth then notified McFadden that he had not provided adequate medical records to support continued disability payments, and that defendant would cease disability payments effective April 02, 2003.  McFadden began the appeals process, filing a request on April 17, 2003, for a first level appeal of the denial.  McFadden's physician provided a letter stating that he was unable to work, but Bellsouth ruled this inadequate documentation.  The company's disability plan required "objective medical data" such as documented test results to support an employee's claims.

McFadden remained out of work but did not receive further disability pay during this appeals period.  McFadden was informed that BellSouth would terminate his employment if he did not return to work within ten days after termination of leave, which would take place twenty

days after the date of the letter of denial.[3]  McFadden made the decision to retire rather than return to work or pursue his appeal.  He notified BellSouth of his intention to retire, and then formally signed an election form on May 12, 2003.  The election form stated he could change the election "up to the last business day before my commencement date."  He received paid vacation time from May 09, 2003, through May 30, 2003, and commenced retirement on June 02, 2003.

BellSouth notified regional managers by letter on June 13, 2003, of a workforce surplus for the ensuing quarter, from July 1 through September 30, 2003.  Article 7.01A4 of the CBA governed any workforce adjustment that could lead to involuntary layoffs, and required notice of such surplus to be provided to CWA by June 15, 2003, in order to be effective the next quarter.  Although McFadden states the potential for a surplus was rumored in May, the relevant date is the date of declaration.  BellSouth's regional management received notice on June 13, and provided CWA notice on June 15, 2003, as required under the CBA.

Article 8.04A1 of the CBA provided employees in positions affected by the surplus the option to participate in the SIPP plan.  Under the plan, an affected current employee could end employment with BellSouth voluntarily during the quarter in which the surplus applied and receive SIPP benefit payments.[4]  McFadden's retirement commenced prior to that quarter, on June 2, 2003;  therefore, BellSouth claims he was no longer a current employee and under the

---

[3]Plaintiff's Motion to Deny Defendant's Motion for Summary Judgment [docket # ], Exhibit 2, titled "Leaves Document" gave a date of May 30, 2003, for notification of denial.  This would have allowed McFadden thirty days after this date before termination.  McFadden had already chosen a retirement date of June 02, 2003, which was well prior to the termination date.

[4]The plan requires an employee to file an SIPP/ESIPP Expression of Interest form notifying BellSouth in advance that the employee will accept an SIPP offer.  This form may be cancelled by the employee at any time, but must be received at least one month in advance.  The form remains valid even if the employee refuses SIPP if the employee's reason for refusal is that the employee "will achieve thirty years of service during the quarter in which the offer is declined and if the displacement will occur prior to the achievement of thirty years' service . . ."

terms of the CBA was ineligible for participation in the SIPP plan.

McFadden claims that certain female employees were allowed to participate in the SIPP plan, which forms the basis of his sexual discrimination claim. BellSouth responds that the named female employee McFadden claims received preferential treatment was a current employee on June 13, 2003, and continued employment until September, whereas his status on that date was that of a retiree. BellSouth asserts that only current employees participated in the SIPP plan.

## RELEVANT LAW AND ANALYSIS

### Standard for Summary Judgment

Summary Judgment is appropriate when the material facts are undisputed and the applicable law directs a verdict for the movant. *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 486 (5th Cir. 2004); *Dennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). The court's first task is to determine if material facts are in dispute. *Am. Home Assurance Co.*, 378 F. 3d at 486. If there are no disputed material facts, the court next turns to the applicable law, which is applied to evidence viewed in a light most favorable to the non-movant. *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So.2d 845, 847 (Miss. 2001).

### Jurisdiction and Claims

Federal subject matter jurisdiction in this case is proper under Title 28 U.S.C. § 1331,[5] since plaintiff asserts claims under federal law. McFadden's first and second claims are for denial of short term disability benefits and for SIPP benefits provided under the CBA. McFadden's claims that BellSouth breached the CBA are governed by § 301 of the Labor

---

[5]Title 28 U.S.C. § 1331 provides the district courts with "original jurisdiction of all civil matters arising under the Constitution, laws , or treaties of the United States."

Management Relations Act ["LMRA"], Title 29 U.S.C. § 1985(a).[6] McFadden initially stated a claim for denial of benefits under another federal statute, the Family Medical Leave Act ["FMLA"]. *See* Complaint, ¶ 7. McFadden now concedes in his deposition that he does not seek unpaid FMLA benefits, but instead seeks disability benefits for the period prior to retirement when he was unpaid. The third claim, based on Title VII,[7] asserts that BellSouth engaged in sexual discrimination by granting SIPP benefits to a similarly situation female employee.

Analysis

BellSouth contends that McFadden's claims are not timely. The LMRA does not provide a specific statute of limitation for claims brought under § 301. In the absence of a federal limitation, the settled legal practice has been to borrow the most closely analogous state statute limitation. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 33-35 (1995). One exception is in the case of a "hybrid" claim, where an employee brings suit against an employer and/or union for violation of a labor contract.

To prevail against BellSouth for breach of the CBA in denial of disability and/or SIPP benefits, McFadden must also establish that the union breached its duty of fair representation. *See Gibson v. U.S. Postal Service*, 380 F.3d 886 (5th Cir. 2004); *Meredith v. Louisiana Federation of Teachers*, 209 F.3d 398 (5th Cir. 2000).

---

[6]Title 29 U.S.C. § 1985(A), § 301 of the LMRA provides federal jurisdiction and remedies for an individual employee to enforce rights under a collective bargaining agreement. *Medrano v. Excel Corp.*, 985 F.2d 230, 232 (5th Cir. 1993)(citing *United Steelworkers v. Rawson*, 495 U.S. 362, 368 (1990)); *Landry v. Cooper/T. Smith Stevedoring Co.*, 880 F.2d 846, 850 (5th Cir. 1989); *McCall v. McQueen*, 962 F. Supp. 890, 892 (E.D. La. 1997).

[7]Title 42 U.S.C. § 2000e-2, Civil Rights Act of 1964 § 701 et. seq., makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . ."

Although CWA is not a named defendant, this is a hybrid claim and as such is governed by the six month statute of limitations set out in Title 29 U.S.C. § 160(b), the National Labor Relations Act ["NLRA"].  *Delcostello v. Teamsters*, 462 U.S. 151 (1983).  This statutory limitation would commence, at the latest, six months after the June 02, 2003 date of retirement.  McFadden did not file suit until May 18, 2004, well after this time had expired.

To establish a prima facie Title VII case based on sexual discrimination, McFadden must demonstrate that (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action, alleged here to be the denial of SIPP participation; and, (4) another similarly situated employee not a member of his protected class was permitted to participate in the SIPP plan.  *See Murphree v. Potter*, 226 F. Supp. 2d 826, 833 (N.D. Miss. 2002); *Drake v. Magnolia Management Corp.*, 115 F. Supp. 2d 712, 722 (E.D. La. 2000).  McFadden claims to have suffered an adverse employment action, but he chose to retire prior to the offering of the SIPP plan.  In doing so, he chose not to return to work and waived further appeal of his disability claim.  The female employee he points to in his claim of discrimination is not similarly situated, as she was a current employee at the time SIPP eligibility was determined, whereas he was a retiree.  SIPP eligibility under the CBA was limited to current employees only.  McFadden is therefore unable to establish the elements necessary to his claim of sexual discrimination.

## **CONCLUSION**

McFadden's lawsuit was not timely filed within the six month statute of limitations imposed by Title 29 U.S.C. 160(b).  Even if he had timely filed, McFadden opted to retire rather than pursue the short term disability benefits appeal process, waiving redress under the CBA.  As a retiree, he was not eligible for SIPP benefits when they became available on June 13, 2003.

Further, his sexual discrimination suit fails because he cannot establish the necessary elements.

For these reasons, defendant's motion for summary judgment is GRANTED.

In accordance with the local rules, the court will enter a final judgment.

**SO ORDERED AND ADJUDGED,** this the 15th day of March, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:04cv461WSu
Order Granting Summary Judgment